## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIE SCHOO,<br>Appellant, | DOCKET NUMBER<br>DC-0752-21-0001-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>Agency. | DATE: July 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Bullock</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Bradly Siskind</u>, Esquire, Riverdale, Maryland, for the agency.

<u>Lori A. Ittner</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant retired from her Program Assistant position effective August 31, 2020. Initial Appeal File (IAF), Tab 1 at 6, Tab 7 at 20, 23. She filed a Board appeal alleging that her retirement was involuntary due to coercion based on her employing agency denying her request for a reasonable accommodation and threatening adverse action.[2] IAF, Tab 1 at 5-6. She requested a hearing. *Id.* at 2. The administrative judge found that the appellant failed to nonfrivolously allege that her retirement was involuntary. IAF, Tab 10, Initial Decision (ID) at 8-9. Without holding her requested hearing, the administrative judge held that the appellant's position required travel as an essential element and function of her position and that the agency was not required to accommodate her by exempting her from travel. *Id.* The appellant has effectively argued that travel was not an essential element of her position and that she had no choice but to retire because the agency denied her request to accommodate her health problems. IAF, Tab 6 at 5-6; Petition for Review (PFR) File, Tab 1 at 4-6.

An employee-initiated action, such as a retirement, is presumed to be voluntary and thus outside the Board's jurisdiction. *Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 5 (2009). An involuntary retirement resulting from an agency's improper actions, however, is equivalent to a forced removal and therefore within the Board's jurisdiction. *Id.* To overcome the presumption that a retirement is voluntary, an employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *Id.* To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the retirement, the appellant

---

[2] Although the appellant filed an application for disability retirement, she appears to have withdrawn that application prior to the effective date of her retirement. IAF, Tab 8 at 20.

had no realistic alternative but to retire, and the retirement was the result of improper actions by the agency. *Id.* If the employee claims that her retirement was coerced by the agency's creating intolerable working conditions, she must show that a reasonable employee in her position would have found the working conditions so oppressive that she would have felt compelled to retire. *Id*. Ultimately, all constructive adverse action claims have the following in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it related to the issue of jurisdiction and not whether it would establish discrimination as an affirmative defense. *Carey*, 112 M.S.P.R. 106, ¶ 5.

The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3] *Id*.; 5 C.F.R. § 1201.56(b)(2)(i)(A). However, once the appellant presents nonfrivolous allegations of Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[4] *Carey*, 112 M.S.P.R. 106, ¶ 6. In assessing whether an appellant has made nonfrivolous allegations entitling her to a hearing, an administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

The agency here concluded that the appellant submitted sufficient medical documentation to determine that she has a qualifying disability and was therefore

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation is generally nonfrivolous when it is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*.

eligible for a reasonable accommodation. IAF, Tab 8 at 26. It further concluded that traveling was among the limitations requiring reasonable accommodation. *Id.* The agency nonetheless denied her request to be exempt from travel, finding that it was an essential element of her job.[5] IAF, Tab 7 at 35, Tab 8 at 21. The appellant appealed this decision, and the agency subsequently affirmed. IAF, Tab 7 at 32-34. The agency informed her that she could either return to full duty without the travel exemption or resign, and if she chose neither, the agency might propose disciplinary action to remove her. *Id.* at 33. The appellant submitted her application for retirement 2 days later. *Id.* at 23-25.

She asserted before the Board that the agency previously accommodated her request for a travel exemption, which allowed her to complete her duties. IAF, Tab 6 at 5-6. She additionally claimed that she had no desire to retire but that her physicians recommended she work from home as much as possible and avoid traveling. *Id.* Thus, she alleged that her retirement was induced by the agency's refusal to accommodate her disability and the threat of removal. *Id.* The Board has held that an appellant's allegation that her retirement was involuntary because the agency denied her request for an accommodation that, according to her doctors, would have permitted her to continue to work despite her medical conditions suffices as a nonfrivolous allegation of the Board's jurisdiction. *Carey*, 112 M.S.P.R. 106, ¶ 7. Accordingly, under the particular circumstances of this case, we find that the appellant has made a nonfrivolous allegation of the Board's jurisdiction. *See id.*; *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1324, 1326, 1344-45 (Fed. Cir. 2006) (en banc) (holding that the agency's failure to renovate the appellant's workspace to accommodate her medical condition may have forced her to accept a demotion).

In finding that the appellant failed to nonfrivolously allege jurisdiction, the administrative judge held that her position required her to travel and provide

---

[5] Although it denied the appellant's request to be exempt from travel, the agency granted her request to telework 4 days a week. IAF, Tab 7 at 35.

program support for the staff in both the Raleigh, North Carolina and Riverdale, Maryland locations. ID at 2, 8. The appellant disputes this assertion. IAF, Tab 6 at 5-6; PFR File, Tab 1 at 4-6. In reaching her conclusion, the administrative judge cited to the appellant's position description and performance plan, as submitted by the agency, neither of which explicitly states that travel to the two locations is an essential element of the position. ID at 2, 8; IAF, Tab 8 at 4-7, Tab 9 at 4-11. The administrative judge's conclusion and reliance on the agency's assertions was erroneous, as an administrative judge may not weigh evidence or resolve conflicting assertions regarding disputed facts material to the question of jurisdiction without affording the appellant the opportunity for a hearing. See *Carey*, 112 M.S.P.R. 106, ¶ 8; *Ferdon*, 60 M.S.P.R. at 329-30.

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to the Washington Regional Office for a hearing on the issue of whether the appellant's retirement was the result of coercion based on intolerable working conditions and therefore a constructive removal within the Board's jurisdiction.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.